ALBURTUS VAN ZUUK, v. HEINTJE POTHOVEN, ET AL. Appellees, BLACK OAK TOWNSHIP, CLAIMANT, Appellant.

Partnership: DISSOLUTION: CLAIMS: EVIDENCE. In a proceeding to establish the claim of a township against a partnership, on the ground that one of the firm as a township officer drew certain public moneys which were used by the partnership, the evidence is held to show that all of such funds as came into the hands of the firm had been paid out for the township and fully accounted for.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

WEDNESDAY, OCTOBER 24, 1906.

ACTION in equity to wind up the affairs of a partnership. A receiver was appointed, and a claim on behalf of Black Oak township in Mahaska county against the partnership was filed with such receiver. Upon hearing before the court, the claim was disallowed, and the claimant appeals. *Affirmed.*

*McCoy & McCoy* and *J. B. Bolton,* for Appellant.

*G. G. Gaass, W. H. Keating, W. G. Van Derploeg, H. H. Sheriff, P. H. Bosquet, Irving C. Johnston,* and *Shangle & Gordon,* for Appellees.

BISHOP, J.— At and prior to the commencement of the action, Henry Pothoven and A. B. Van Zuuk were partners engaged in business at Leighton, Mahaska county. They operated a general store, and this branch of their business was conducted under the partnership name of Pothoven & Co. They also operated a lumber business, and this was under the partnership name of Van Zuuk & Co. This action was brought by Van Zuuk to dissolve the several partnerships, and to wind up the partnership affairs. The receiver having taken charge of the business, the creditors were notified, and a number thereof filed their claims with such receiver, among others being the appellant Black Oak township. The receiver declined to allow the claim of said township and went before the court, and, by report filed, represented that he was unable to determine the valdity of such claim and asked for instructions. A time for hearing was fixed by the court and due notice thereof given to all parties in interest. The claim of appellant was for the sum of $482.49, and, before the hearing, appellant filed, in connection with certain objections not necessary to be noticed in this connection, a statement in explanation of its claim. Therein it is said that Henry Pothoven was township clerk of said township for several years previous to this action; that as such clerk he drew out of the county treasury of Mahaska county various sums of money belonging to said township, and appropriated the same to the use of said partnerships; that the sum claimed is the balance of the amounts so appropriated. And the contention is that the moneys belonging to claimant having been so used for the benefit of said partnerships, an order should be made for payment by the receiver of the sum claimed. To

the claim thus made other claiming creditors filed objections; the substance thereof being that no part of the moneys belonging to claimant and coming into the hands of said Pothoven was used in the business of either of said partnerships; further, that the claim in favor of the township, if any it has, against Pothoven individually and not against either of said partnerships. A trial was had under the issue thus formed, resulting in the decree dismissing the claim of the township.

The two principal amounts drawn from the county treasury by Pothoven as township clerk was one in May, 1904, in the sum of $934.53 and one in November of that year in the sum of $488.60. In respect of the sum first received it appears without question that the county treasurer's check to Pothoven was deposited by him in a bank to the credit of Pothoven & Co. It was contended upon the trial, however, that all of said money was subsequently drawn out by Pothoven and used in paying proper claims against said township, and in the decree the court made an express finding that all of said sum had been fully accounted for and paid out on township indebtedness. We have gone over the evidence as contained in the abstract and conclude that the finding was fully warranted. It must be confessed that the record is somewhat confused, and we shall not attempt in this opinion to enter upon an analysis of the evidence. We are content to approve of the finding as made by the court below.

In respect of the further sum received from the county treasurer by Pothoven, it must be said that a careful reading of the evidence fails to disclose that any portion thereof found its way into the treasury of either of said partnerships. No argument ought to be required to make it clear that in such fact situation there is no ground for holding the township claimant to be a partnership creditor and as such entitled to participate in the partnership assets in the hands of the receiver. Its claim is one against Pothoven alone. It follows that the decree must be, and it is, *affirmed*.